# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **JUAN LLIGUI CACERES,** | **Case No. 26–cv–8332–ESK** |
| **Petitioner,** | |
| v. | **OPINION AND ORDER** |
| **TODD BLANCHE, *et al.*,** | |
| **Respondents.** | |

**THIS MATTER** is before the Court on petitioner Juan Lligui Caceres's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Petition). (ECF No. 1.)   Respondents oppose the Petition.   (ECF No. 5.)

1.   Petitioner is a citizen of Ecuador. (*Id.* p. 1.)   Immigration and Customs Enforcement (ICE) encountered petitioner on August 9, 2005 while he was detained in the River County Correctional Facility in New York.   (ECF No. 5–1 p. 2.)   ICE issued petitioner a Notice to Appear on September 1, 2005. (*Id.*)

2.   On June 6, 2007, an immigration judge granted voluntary departure and ordered petitioner to depart by October 4, 2007.   (ECF No. 5–2.)

3.   Petitioner filed a motion to reopen his immigration proceedings on August 19, 2020. (ECF No. 5–3 p. 2.)   An immigration judge denied the motion as untimely on October 22, 2020.   (*Id.* p. 7.)   The Board of Immigration Appeals denied the appeal on June 22, 2022.   (ECF No. 5–4.)

4.   Petitioner was detained by ICE on July 6, 2026 after being arrested pursuant to a Warrant of Removal.   (ECF No. 5–5.)

5.   This Petition followed on July 7, 2026.   (ECF No. 1.)

6.   Petitioner is subject to a final order of removal, so his detention is governed by 8 U.S.C. § 1231.[1]

---

[1] Petitioner's voluntary departure order converted into an order of removal when he failed to voluntarily depart from the United States.   8 C.F.R. § 1240.26(d); (ECF No. 5–2 p. 1.)

7. Section 1231 states in relevant part that after a noncitizen "is ordered removed, the Attorney General shall remove the [noncitizen] from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). This 90-day detention is mandatory. *See Zadvydas v. Davis*, 533 U.S. 678, 683 (2001) ("While removal proceedings are in progress, most [noncitizens] may be released on bond or paroled. After entry of a final removal order and during the 90-day removal period, however, [noncitizens] must be held in custody." (internal citation omitted)).

8. "The removal period begins on the latest of the following: (i) The date the order of removal becomes administratively final. (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the [noncitizen], the date of the court's final order. (iii) If the [noncitizen]is detained or confined (except under an immigration process), the date the [noncitizen] is released from detention or confinement." 8 U.S.C. § 1231(a)(1)(B).

9. Petitioner had 30 days from October 4, 2007 to file a timely appeal of the removal order with the Board of Immigration Appeals. Petitioner does not assert that he filed one before 2020, so the order became administratively final on November 3, 2007. 8 C.F.R. § 1241.1(c). The removal period—during which petitioner's detention was mandatory—expired on February 1, 2008.

10. ICE is not required to release the noncitizen once the removal period has expired, but "[d]ue process rights may be implicated where ... there is no significant likelihood of removal in the reasonably foreseeable future." *Cepeda v. I.N.S.*, 273 F. Supp. 2d 222, 224 (E.D.N.Y. 2003) (citing *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001)). The presumptively permissible timeframe for post-removal-period detention is six months. *Zadvydas*, 533 U.S. at 701.

11. However, "[a]lthough the Supreme Court established a six-month period of presumptively reasonable detention, it did not preclude a detainee from challenging the reasonableness of [her] detention before such time." *Munoz-Saucedo v. Pittman*, 789 F. Supp. 3d 387, 395 (D.N.J. 2025); *see also Ali v. Dep't of Homeland Sec.*, 451 F. Supp. 3d 703, 707 (S.D. Tex. 2020) ("This six-month presumption is not a bright line, ... and *Zadvydas* did not automatically authorize all detention until it reaches constitutional limits."); *Hoang Trinh v. Homan*, 333 F. Supp. 3d 984, 994 (C.D. Cal. 2018) ("The six-month *Zadvydas* presumption is just that—a presumption ... not a prohibition on claims challenging detention less than six months." (internal quotation marks omitted)); *Cesar v. Achim*, 542 F. Supp. 2d 897, 903 (E.D. Wisc. 2008) ("The *Zadvydas* Court did not say that the presumption is irrebuttable, and there is nothing inherent in the operation of the presumption itself that requires it to be irrebuttable.")

2

12.   "[I]f a detainee provides 'good *reason* to believe that there is no significant likelihood of removal in the reasonably foreseeable future,' the government must respond with *evidence* sufficient to rebut that showing." *Munoz-Saucedo*, 789 F. Supp. 3d at 395 (emphasis in original) (quoting *Zadvydas*, 533 U.S. at 701).

13.   I conclude that petitioner has not made an initial showing in this matter that his removal is not likely in the reasonably foreseeable future or that his continued detention would violate his due process rights.

Accordingly,

**IT IS** on this   **21st** day of **July 2026**   **ORDERED** that:

1.     Petitioner's  § 2241  Petition  is  **DENIED   WITHOUT PREJUDICE**.

2.     Any restrictions imposed by this Court on petitioner's location are **LIFTED**.

3.     The Clerk shall **CLOSE** this case.


_/s/ Edward S. Kiel_
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**